**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50137 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00215-SVW-1 |
| v. | |
| XI CHAIDEZ, AKA Seal A, AKA Xi Zhang, AKA Sunny Zhang, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 6, 2010[**]
Pasadena, California

Before: D.W. NELSON and REINHARDT, Circuit Judges, and GERTNER,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, sitting by designation.

Xi Chaidez appeals her conviction on one count of Impairment of In Rem Jurisdiction in violation of 18 U.S.C. § 2232(b) and one count of Conspiracy to Impair In Rem Jurisdiction in violation of 18 U.S.C. § 371. We affirm.

First, we hold that Chaidez cannot challenge the sufficiency of the evidence underlying her convictions. Chaidez waived her right to seek appellate review of the sufficiency of the evidence by failing to move for a judgment of acquittal before her case was submitted to the jury. *United States v. Tisor*, 96 F.3d 370, 379 (9th Cir. 1996).

Next, we reject Chaidez' argument that the Government committed prosecutorial misconduct by stating during its closing argument that Chaidez stipulated to an element of the charged offenses. "We review claims of prosecutorial misconduct for plain error when the defendant fails to object at trial. We find plain error only when there is: 1) error; 2) that was clear or obvious; 3) that affected substantial rights; and 4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006) (internal citations omitted).

Chaidez' counsel agreed in open court on the record that the defense would "not . . . tell the jury that the government ha[dn't] proven beyond a reasonable doubt that there wasn't permission to sell." The district court and the Government

2

made clear on the record that they believed this statement was "a factual stipulation" that Chaidez never received permission to sell. Nothing in the record suggests to us that this belief was in error. Chaidez did not object when the court stated on the record that a stipulation had been made, when the Government asked for and received permission to mention the stipulation during closing arguments, nor when the Government stated during its closing argument that Chaidez made a stipulation. The most reasonable explanation for Chaidez' silence is that Chaidez' counsel did in fact stipulate that she lacked permission to transfer the property. Even if Chaidez did not intend to stipulate this point, her intent was not "clear or obvious" and the Government and the court's mutual failure to discern her undisclosed intent did not "seriously affect[] the fairness, integrity, or public reputation of the judicial proceedings." *Washington*, 462 F.3d at 1136. Accordingly, we hold that the Government did not commit plain error in asserting during its closing argument that Chaidez stipulated that she lacked court authority to transfer the property at issue.

**AFFIRMED.**